116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Dean ENDRESON, Petitioner-Appellant,
v.
George HERMAN; Terry STEWART, Director, Arizona Department
of Corrections; ATTORNEY GENERAL OF THE STATE OF
ARIZONA, Respondents-Appellees.
 No. 96-16850.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-96-00390-RCB; Robert C. Broomfield, District Judge, Presiding Robert C. Broomfield, District Judge, Presiding
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Dean Endreson, an Arizona state prisoner, appeals pro se the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging the life sentence imposed for his 1969 first degree murder conviction. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253,[1] and we affirm.
 
 
 3
 Endreson was originally sentenced to death under A.R.S. § 13-453(A).[2] In 1972, the Arizona Supreme Court affirmed Endreson's conviction but, on the basis of Furman v. Georgia, 408 U.S. 238 (1972), held the death penalty provisions of § 13-453(A) unconstitutional and reduced Endreson's sentence to life imprisonment. See State v. Endreson, 109 Ariz. 117, 123, 506 P.3d 248, 254 (1973).
 
 
 4
 In his petition, Endreson asserted that the Arizona Supreme Court had no authority to resentence Endreson to life under § 13-453(A) because the Arizona Supreme Court's decision declaring the death penalty provisions unconstitutional rendered all of § 13-453(A) void. The district court ruled that Endreson had procedurally defaulted by failing to fairly present his claim in the state courts. The district court also rejected the merits of Endreson's claim on the ground that the Arizona Supreme Court's invalidation of the death penalty provisions did not render void the other provisions of the statute.
 
 
 5
 Because the district court was clearly correct on the merits, we need not address the issue of procedural default. See Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir.1992) (en banc).
 
 
 6
 By resentencing Endreson to life imprisonment, Endreson, id., the Arizona Supreme Court effectively held that the death penalty provision of § 13-453 was severable and that the life imprisonment provision survived Furman.
 
 
 7
 Moreover, Endreson's assertion that only the trial court and not the Supreme Court had authority to resentence Endreson is incorrect. Upon vacating Endreson's death sentence, the Supreme Court properly resentenced Endreson pursuant to A.R.S. § 13-1717(B) (1956), which required the Supreme Court to impose a new legal sentence "not more severe than that originally imposed, which in its opinion is proper."[3] See Endreson, id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Endreson's § 2254 petition was filed before April 24, 1996, this appeal is unaffected by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214. Jeffries v. Wood, slip op. 5693 (9th Cir. May 12, 1997)
 
 
 [2]
 A.R.S.5 13-453(A), since repealed, provided:
 A person guilty of murder in the first degree shall suffer death or imprisonment in the state prison for life, at the discretion of the jury trying the person charged therewith, or upon a plea of guilty, the court shall determine the punishment.
 
 
 [3]
 Section 13-1717(B) was repealed in 1978 and is now codified as A.R.S. § 13-4037(B)